John W. Sweeny, J.
By this article 78 proceeding the petitioner seeks a review of respondent’s determination, made after a fair hearing, upholding the local department’s refusal to grant petitioner’s request for payment of day care services.
Petitioner, age 25, is a recipient of Aid to Dependent Children for herself and one minor child. She is also a ‘ ‘ handicapped person ” within the meaning and intent of subdivision 1 of section 1002 of the Education Law. The State Department of Education has apparently determined, after a full investigation, that this petitioner’s 1 ‘ vocational rehabilitation” could be satisfactorily achieved by her attendance at a two-year undergraduate college. (Education Law, § 1004, subd. 2.) Thus, pursuant to that enactment, petitioner receives all expenses incident to her attendance at said college, except for the costs of child care services incurred while she is attending classes approximately 10 hours each week.
Respondents concluded that since petitioner was not participating in “ occupational training” within the meaning of 18 NYCRR 369.10 (b) she was not entitled to the allowance for day care services provided by section 131-a (subd. 6, par. [d]) of the Social Services Law.
This court believes that respondents have not given the petitioner the full benefit of the several regulations which collectively implement the child care directive of section 131-a (subd. 6, par. [d]).
It would appear that 18 NYCRR 369.10 (b) read with 18 NYCRR 352.7 (e) (1) limits occupational training to participation in a two-year college program with a vocational objective.
Regulation 18 NYCRR 369.10 (b) which speaks of “occupational training * * * or other reason ” must also be read with 18 NYCRR 385.1 (a), (4) which speaks of “ full-time, satisfactory participation in an approved program of vocational training or rehabilitation which shall include but not be limited *787 to participation in a two-year college program with a specific vocational objective ” (emphasis supplied).
Since petitioner is enrolled in a full-time State approved ‘ ‘ vocational rehabilitation ’ ’ program it would appear that unless respondents first determined that her participation in said program was not satisfactory, she would be entitled as a matter of law, pursuant to the regulations, as well as subdivision 1 of section 131 of the Social Services Law, to an allowance for day care services as long as she is satisfactorily participating in the program in question. No such determination was made, in fact no inquiry was ever made with reference to this point at the fair hearing.
Accordingly, this matter is hereby referred back to respondents who are directed to notice a further hearing, which shall be held prior to September 15,1974. At such hearing, they shall inquire only into the issue of whether or not petitioner is satisfactorily- participating in said program.