## (June 24, 1975)

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Petitioners.—Proceeding by the Suffolk County Police Department et al., pursuant to section 298 of the Executive Law, to annul an order of the State Human Rights Appeal Board, dated November 20, 1974, which modified and, as so modified, affirmed an order of the State Division of Human Rights, dated April 4, 1974; and cross applications (1) by said division to enforce its said order as modified by said order of the appeal board and (2) by the complainant-respondent to review so much of said order of the appeal board as did not award her costs and attorneys' fees. Petition of the Suffolk County Police Department et al., and cross application by the complainant-respondent dismissed on the merits, without costs. Cross application by the Division of Human Rights granted, without costs, and petitioners, the Suffolk County Police Department et al., are directed to comply with the above-mentioned order of the Division of Human Rights as modified by the above-mentioned order of the appeal board. No opinion. Rabin, Acting P. J., Latham, Christ and Brennan, JJ., concur.

## (June 26, 1975)

■ In the Matter of CHRISTINE HYLTON, Appellant, v PAUL V. NYDEN, as Acting Commissioner of the Westchester County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent denying petitioner's request for a child care grant, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered January 14, 1975, which dismissed the petition. Judgment reversed, without costs, on the law, and petition granted. Petitioner is the mother of an eight-month-old child and is the recipient of public assistance. Prior to the receipt of public assistance and before the birth of her child, petitioner completed two years of a four-year college program. She is currently attending college under a full scholarship and is pursuing a course of study which will lead to graduation and a teacher's certificate in June, 1976. Petitioner applied to respondent for an additional grant for baby-sitting services needed while she attends school and participates in a student teaching program. Her request was denied on the ground that she was not pursuing a two-year undergraduate program with a specific educational objective and therefore was not eligible for child care services. Respondent's denial of petitioner's request was arbitrary and an abuse of administrative discretion. Under the particular circumstances of this case, petitioner's eligibility for child care services was established (18 NYCRR 352.7[e][1]). Rabin, Acting P. J., Hopkins and Brennan, JJ., concur; Christ and Munder, JJ., dissent and vote to affirm.