■   In the Matter of GILBERT GOLDBERG, Petitioner, v C. SAMUEL KISSINGER, as City Manager of the City of New Rochelle, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of respondent's predecessor, dated January 21, 1975 and made after a hearing, which dismissed petitioner from his civil service position of Assistant Assessor for the City of New Rochelle. Determination confirmed and proceeding dismissed on the merits, with costs. We hold that there was substantial evidence to support the finding of petitioner's guilt and that the punishment imposed did not constitute an abuse of discretion. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.

■   In the Matter of MARILYN JAMES, Appellant, v R. J. (ANONYMOUS), Respondent.—In a delinquency proceeding pursuant to article 7 of the Family Court Act, the complainant appeals from an order of the Family Court, Kings County, dated March 24, 1975, which dismissed the petition. Order reversed, on the law, petition reinstated, and matter remanded to the Family Court for further proceedings consistent herewith. In our opinion it was an abuse of discretion to dismiss the petition on grounds totally unrelated to the charges against respondent and prior to the conducting of a fact-finding hearing. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■   In the Matter of PATRICIA KILEY, Petitioner-Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, made after a statutory fair hearing, which affirmed a determination of the Orange County Commissioner of Social Services denying petitioner's request for child care services, the State Commissioner appeals from a judgment of the Supreme Court, Orange County, dated July 30, 1974, which (1) held that petitioner was entitled to an allowance for day care services since she was enrolled in a full-time, State-approved "vocational rehabilitation" program, and (2) remanded the matter for a further hearing limited to the issue whether petitioner was satisfactorily participating in said program. Judgment affirmed, without costs. Under the circumstances herein, Special Term's determination was proper (see *Matter of Hylton v Nyden,* 48 AD2d 913). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur. [78 Misc 2d 785.]